UNITY INDUSTRIAL LIFE INS. & SICK BENEFIT ASSN. v. WILSON ET AL.

———

(May 25, 1931. Opinion and Decree.)
(June 8, 1931. Rehearing Refused.)

———

(*No Syllabus*)

Jules A. Grasser, of New Orleans, attorney for plaintiff, appellee.

Chas. J. Mundy, of New Orleans, attorney for defendants, appellants.

JANVIER, J. Plaintiff. an industrial life insurance company, issued two policies on the life of Charles Wilson. At the time of his death Wilson left a widow, Lizzie Wilson, with whom he had not been living for several years.

In both policies Lizzie Wilson, prior to the last indorsement, had been named beneficiary. However, both policies now bear indorsements dated March 10, 1930, under which indorsements the beneficiary was changed from Lizzie Wilson to Emily Broussard. The insurance company, finding itself unable to determine to which of the two women the proceeds should be paid, deposited the said proceeds in court in accordance with the provisions of Act 123 of 1922 of the State of Louisiana. Thereupon the said Emily Broussard, concubine of the said Wilson, filed a rule against Lizzie Wilson, the wife, in an effort to obtain the proceeds of the said policies. The controversy, then, is between the two rival claimants to the proceeds.

It is admitted that on the face of the policies there is an indorsement apparently changing the beneficiary, Lizzie Wilson, the wife, to Emily Broussard, the concubine, but Lizzie Wilson contends that at the time the change is said to have been applied for by Charles Wilson, on whose life the policies were issued, he was ill with tuberculosis in the hospital and was physically and mentally unable to make application for such change.

It is asserted that the said change was applied for by Wilson, but the evidence rather convincingly shows that on that day Wilson's condition was such that he could not have done so. Emily Broussard testifies that the said Wilson made application to a certain Sidney Martin, collector for the company, but she fails to produce Martin as a witness, in spite of the fact that testimony by him, if corroborative of her testimony, would have been of the utmost importance to her.

Only questions of fact are involved and the trial judge, after hearing all the witnesses, decided in favor of the wife, Lizzie Wilson. We are unable to say that that decision is manifestly erroneous.

The judgment appealed from is affirmed.